HENSON & FRANCESCONI CO. v. BROWN. (Circuit Court of Appeals, Fifth Circuit. March 8, 1910.) No. 1,933. In Error to the Circuit Court of the United States for the Southern District of Alabama. Gregory L. Smith, for plaintiff in error. T. M. Stevens and Joseph H. Lyons, for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In this suit, upon an account stated for work and labor done, merchandise, goods, and chattels sold, and for money paid at the instance of the defendant, the defense being that the suit is one to recover on gambling transactions, the questions argued in this court relate entirely to the rulings of the trial judge on the sufficiency of pleadings. On consideration, we find no prejudicial error in any of the rulings complained of, and the judgment of the Circuit Court is affirmed.

---

HOLMAN v. THOMAS et al. (Circuit Court of Appeals, Second Circuit. January 17, 1910.) No. 168. In Error to the Circuit Court of the United States for the Western District of New York. On motion by attorney for defendants to withdraw. See, also, 171 Fed. 219. Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. This court must decline to interfere in any way with the relations between defendants' counsel and his clients. Whether he shall continue to act for them or shall withdraw from the case is a matter for him to determine at his own risk.

---

JENKINS et al. v. DILLINGHAM. (Circuit Court of Appeals, Fifth Circuit. March 8, 1910.) No. 1,968. Appeal from the Circuit Court of the United States for the Southern District of Texas. John L. Little, for appellants. H. O. Head and T. M. Kennerly, for appellee. Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. We find the decree appealed from correct as to the claim of Jenkins for 160 acres of land out of the John Fisher survey; but we find that said Jenkins had a claim for such part of said 160 acres as was actually occupied, cultivated, and improved by William Felps prior to February 1, 1894, to wit, 10 years prior to the appointment of receivers in the main case (54, Equity); and, counsel for appellee having suggested that said decree might well be amended in that respect, it is ordered that the decree appealed from be reversed, and the cause remanded, with instructions to find for and set apart to William Jenkins such part of the 160 acres claimed by him as William Felps had under actual cultivation, improvement, and occupation prior to February 1, 1894, and decree in favor of Receiver Dillingham for the remainder of said 160 acres.