SAMUEL v. HOUSTON OIL CO. OF TEXAS. (No. 40.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 8, 1917. Rehearing Denied March 14, 1917.)

1. COURTS ⬥➡344—FEDERAL CIRCUIT COURTS —TERRITORIAL JURISDICTION.

The federal Circuit Court in controversies cognizable in equity has jurisdiction throughout the limits of the state wherein it sits, and its process runs to any and all federal districts within the state where proper notice and opportunity to be heard are given.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917.]

2. COURTS ⬥➡518 — JURISDICTION—DISTRICTS —REAL ESTATE—FEDERAL CIRCUIT COURTS.

In receivership proceedings wherein the title to land was involved in the federal Circuit Courts such court might have directed the receiver to proceed in the state courts to determine title, but could nevertheless inquire as to title for itself and its decree, given after due notice, pro confesso was conclusive though another claimant lived in a different federal district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1109, 1444–1446.]

3. COURTS ⬥➡264(3)—JURISDICTION—FEDERAL CIRCUIT COURTS.

In such action the jurisdiction of the court was not limited to finding what the facts were as to ownership of the land, so that, when it discovered title in a nonresident claimant, it could dispose of such title by its decree when such defendant failed to appear after due notice.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 801.]

Appeal from District Court, Newton County; A. E. Davis, Judge.

Action by Sam Samuel against the Houston Oil Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

---

⬥➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Powell & Huffman, of Jasper, for appellant. H. O. Head, of Sherman, and Parker & Kennerly and Fred L. Williams, all of Houston, for appellee.

HIGHTOWER, C. J. This was an action of trespass to try title brought by Sam Samuel, who is appellant here, against Houston Oil Company of Texas, appellee here, to recover 160 acres of land, a part of the John T. Lewis survey in Newton county, Tex. The suit was filed in the district court of Newton county, Tex., on the 13th day of February, 1914, and was tried to the court without a jury on the 11th day of March, 1915, and resulted in a judgment in favor of the Houston Oil Company of Texas, appellee.

In addition to the regular action of trespass to try title, appellant, plaintiff below, pleaded in support of his claim the 10-year statute of limitation. The defendant answered by general demurrer, general denial, and plea of not guilty. Upon the trial of the case in the court below, it was shown that the appellant bought the land in controversy from a man named Morrison in the year 1870, and that appellant went into actual possession thereof about January, 1872, and lived thereon continuously until some time in the spring of 1884, during which period of time appellant was "claiming, cultivating, using and enjoying this land, continuously."

It was admitted upon the trial below that the appellant had the record title to the land in controversy, except as to a judgment obtained pro confesso by the receiver of the Houston Oil Company of Texas in the Circuit Court of the United States for the Southern District of Texas against R. F. Seastrunk and others, in which suit appellant was a party, and which suit or proceeding was an ancillary and supplemental proceeding by intervention, the number of which was 628, and which was filed in main cause No. 54, in equity, on the docket of said federal court, in which main cause the Maryland Trust Company was plaintiff, and Kirby Lumber Company and Houston Oil Company of Texas were defendants. The judgment pro confesso, so obtained by said receiver in said federal court proceeding, was and is claimed by appellant to be void and of no validity whatever, and did not divest appellant of his title to said land, which he claimed to have theretofore acquired by the statute of limitation of 10 years.

In 1903, the Maryland Trust Company filed a bill in equity in the United States Circuit Court for the Southern District of Texas against the Kirby Lumber Company and Houston Oil Company of Texas, in which proceeding the Maryland Trust Company sought to foreclose a mortgage upon the properties of said companies, alleging that both said companies had defaulted in the payment of their obligations to the Maryland

Trust Company, and among other things, the Maryland Trust Company prayed for the appointment of receivers for both the Kirby Lumber Company and Houston Oil Company of Texas, and after hearing, receivers were appointed for both said Kirby Lumber Company and said Houston Oil Company of Texas. In said cause of Maryland Trust Company and Houston Oil Company of Texas, No. 54 on the equity docket in said Circuit Court, Chas. Dillingham and F. A. Reichardt were appointed joint receivers for the Houston Oil Company of Texas, and some time thereafter, the said F. A. Reichardt was discharged as one of such receivers, and the said Chas. Dillingham was made and continued sole receiver for the Houston Oil Company of Texas in said cause. In the order appointing said receivers, it was provided that they should at once, upon qualification, take possession of, manage, and control, under orders of the court, all the assets and properties of every nature whatsoever belonging to said Houston Oil Company of Texas, and preserve and protect the same, wherever such assets and property should be found in the state of Texas, and the order contained other provisions usual and customary in such orders. On November 6, 1907, Chas. Dillingham, as sole receiver at that time of the properties of the Houston Oil Company of Texas, filed in said cause No. 54, Maryland Trust Company, Trustee, v. Kirby Lumber Company et al., pending in the Circuit Court of the United States for the Southern District of Texas, a supplemental and ancillary bill styled "Intervention No. 628, Receiver of Houston Oil Company of Texas v. R. F. Seastrunk et al." In this ancillary and supplemental proceeding by intervention, the appellant here, Sam Samuel, and his wife, Henrietta Samuel, were made parties defendant, along with other defendants named in said petition in intervention. This original supplemental and ancillary bill seems to have been lost or misplaced, and the same was afterwards, on February 24, 1908, substituted in said equity cause No. 54. In order that the character and purpose of the ancillary proceedings may be clearly understood, the petition of said receiver in that cause is here now set out in full, as follows:

"Maryland Trust Company, Trustee, Plaintiff, v. Kirby Lumber Company et al., Defendants. No. 54, Equity. In the United States Circuit Court for the Southern District of Texas, at Houston. Supplemental and ancillary bill. Intervention No. 628, Houston Oil Company, Receivers, v. R. F. Seastrunk et al. To the Honorable Judges of Said Court: Charles Dillingham, receiver of the Houston Oil Company of Texas, plaintiff, brings this his supplemental and ancillary bill in the nature of an original bill against R. F. Seastrunk and his wife, M. E. Seastrunk, Louis McCain and his wife, Julia McCain, Sam Samuels and his wife, Henrietta Samuels, Wash Farr and his wife, Alice Farr, R. N. Hamilton and his wife, M. A. Hamilton, who reside in Jasper, Newton county, state of Texas, and B. E. Moore, who resides in Jefferson

county, state of Texas, and defendants, resident citizens of the state and counties aforesaid. And thereupon your orator complains and says:

"I. That by a decree duly entered in the above cause on the first day of February, 1904, all the properties of the Houston Oil Company of Texas were placed in the custody of temporary receivers, and by a decree duly entered therein on the 17th day of March, 1904, said receivership of the Houston Oil Company of Texas was continued and plaintiff herein and F. A. Reichardt were appointed receivers, and duly qualified; that on the 1st day of November, 1906, plaintiff was named by decree of court as sole receiver, and is now such; and by said decrees the Houston Oil Company of Texas and all of its properties, real, personal, and mixed of every kind and character and wherever situated were placed in the custody, management, and control of said receivers; and the title of all of said properties was divested out of the Houston Oil Company of Texas and vested in said receivers as officers of this court; and they were directed to take immediate possession and charge, and the management and control, under the orders of this court, of all of the said properties of the Houston Oil Company of Texas wherever the same might be situated or found in the state of Texas; and to hold and administer the same as officers of this court under its orders and direction. And under said decree they were further empowered to institute and prosecute all such suits, by supplemental and ancillary bills herein or in other courts of competent jurisdiction, as might be necessary for the protection and preservation of or to reduce to possession the properties, rights and assets of the said company. And in accordance with said decree and in the exercise of the powers so conferred upon them, your receiver files this his supplemental and ancillary bill in the nature of an original bill against the defendants herein and for cause of action respectfully represent:

"II. That at the time of the appointment of said receivers the Houston Oil Company of Texas owned and was in possession of the property hereinafter described, and upon their qualification as receivers, said property passed into the possession and control and management of said receivers and this court. That upon said land there is a growth of yellow pine timber, which is covered by the stumpage contract existing between the Houston Oil Company of Texas and the Kirby Lumber Company, under which the Kirby Lumber Company has the right to cut the timber growing upon said land and to convert the same into lumber and sell the same; that said stumpage contract has been transferred to the Maryland Trust Company, trustee, under said contract the said land is included in the trust now being enforced by this court in the main cause.

"III. That the land in controversy herein is eight hundred (800) acres, a part of the John T. Lewis league, in Newton county, Tex., and more particularly described as follows: [Here follows a description of the land in controversy.] And said defendants, having wrongfully entered upon said land, do now wrongfully and unlawfully withhold from your receiver and this court the possession thereof, and also the pine timber growing thereon, refusing to allow the Kirby Lumber Company to remove such timber from said land.

"IV. That each of said defendants is wrongfully asserting some character of claim to said property, the exact nature of which is unknown to your petitioner; and, upon information and belief, petitioner alleges that under such wrongful claim, said defendants, some or all of them, are wrongfully and unlawfully deadening and destroying the timber growing upon said land, and are cutting and removing portions of said timber therefrom and otherwise injuring said land and interfering with the petitioner and this court in the possession and control thereof.

"V. In consideration whereof, and because your petitioner has no sufficient remedy at law for the wrongs done and threatened to be done by the above-named defendants, and his remedy at law will afford to your petitioner no protection against the wrongful withholding of the possession of said land and timber by defendants and their refusal to allow the Kirby Lumber Company to cut the same, and because their injuries will be irreparable, your petitioner, to the end that he may obtain the relief to which he is entitled under the premises, prays:

"1. That writs of subpœna may be granted to your petitioner directed to the above-named defendants, residing, as stated above, requiring them, and each of them, to personally appear, on a certain day before this court, and full, true, direct and perfect answers make to all and singular the premises, but not under oath, which is expressly waived, and further to perform and abide by such other order, direction, or decree herein, as to the court shall seem proper; and that upon hearing of his motion, a temporary injunction do issue, restraining the defendants from asserting title to the land in controversy herein, and described above, from further cutting, destroying, or removing the timber, or trespassing thereon, or longer remaining in possession thereof, and from interfering with your receiver in the possession, management, and control of said property, and from hindering or interfering with the receivers of the Kirby Lumber Company in cutting and removing the timber growing upon said land, pending the hearing and determination by this court of the claim or title asserted by the above-named defendants, respectively, in their several answers filed herein, and that, at said hearing, the court do adjudge said defendants, respectively, guilty of contempt for so unlawfully interfering with the property in its possession and control, and administer to them respectively such punishment as in its judgment may be commensurate and proper.

"2. That the defendants be directed to the end that the same may be justly adjudicated and determined by this court, to set forth in their several adverse answers what adverse interest, claim, or demand they may have, claim, or assert to said land.

"3. That upon hearing herein, petitioner's title and that of the Houston Oil Company of Texas, to the land above described and the timber growing thereon, be established, adjudicated, quieted, and confirmed against the defendants above named, and each of them, and that petitioner have an injunction perpetually enjoining the defendants, and each of them, their agents, servants, and employés, from asserting title to the said land, and from cutting, destroying, and removing timber therefrom, from remaining in possession thereof, and from interfering with petitioner and the Houston Oil Company of Texas, and the Kirby Lumber Company and its receivers in the possession of said premises, or in the cutting and removing therefrom the timber growing thereon, and judgment for the value of the timber destroyed or appropriated by them and all damages.

"4. Your petitioner prays for such other relief, general and special, or as may be hereafter, from time to time, prayed for by your petitioner.

"And your petitioner will ever pray. Charles Dillingham, Receiver of the Houston Oil Co. of Texas, by Denman, Franklin & McGown, Attorneys."

Upon the filing in said federal court for the Southern District of Texas, the following notice, denominated "a writ of subpœna," was issued to Sam Samuel and wife, Henri--

etta Samuel, and the other defendants named in said intervention No. 628, to wit:

"United States of America. Circuit Court, Fifth Circuit and Southern District of Texas. The President of the United States of America to Sam Samuels and Wife, Henrietta Samuels— Greeting: You are hereby commanded to appear personally before the honorable Circuit Court of the United States, for the Southern District of Texas, in the Fifth Circuit, at a court to be holden at the city of Houston, in and for said circuit, on the first Monday of December, next, or whensoever the said court shall be there, to answer a bill exhibited against R. F. Seastrunk and wife, M. E. Seastrunk, Louis McCain and his wife, Julia McCain, Sam Samuels and his wife, Henrietta Samuels, Wash Farr and his wife, Alice Farr, R. N. Hamilton and his wife, M. A. Hamilton, and B. E. Moore by Charles Dillingham, receiver Houston Oil Co. of Texas, filed October 23, 1907, and to do further and receive what the said court shall have considered in that behalf. And this that you are not to omit under the penalty of two hundred and fifty dollars.

"Witness, the Honorable Melville W. Fuller, Chief Justice of the United States and the seal of the Circuit Court of the United States, for the Southern District of Texas, at the city of Houston this 8th day of November, nineteen hundred and seven and of the independence of the United States of America the 132nd year. C. Dart, Clerk U. S. Circuit Court, Southern District of Texas, by L. C. Masterson, Deputy. [Seal.]

"The defendants Sam Samuels and wife, Henrietta Samuels, are required to enter their appearance in the above suit in the clerk's office on or before the first Monday of December, next, otherwise the bill will be taken as confessed. C. Dart, Clerk U. S. Circuit Court, Southern District of Texas, by L. C. Masterson, Deputy."

This writ of subpœna was duly served upon Sam Samuel, appellant here, and his wife, Henrietta Samuel, on the 20th of November, 1907, in Newton county, Tex., by the United States marshal for the Eastern District of Texas, and return thereon was duly made to the Circuit Court for the Southern District of Texas, in which said intervention No. 628 was pending. On March 16, 1908, said intervention No. 628 came on to be heard by the Circuit Court for the Southern District of Texas, and the said Sam Samuel and Henrietta Samuel, not having filed any answer of any nature whatsoever in said intervention, and having wholly failed to appear, either in person or by attorney, the following decree or judgment was entered in said cause:

"In the United States Circuit Court in and for the Southern District of Texas at Houston. Maryland Trust Company, Trustee, Plaintiff, v. Kirby Lumber Company et al., Defendants. No. 54, Equity. Final Decree Pro Confesso. Intervention No. 628. Houston Oil Company, Receiver, v. R. F. Seastrunk et al. On this the 16th day of March, A. D. 1908, there came to be heard in open court the plaintiff's motion for a decree pro confesso herein; and, it appearing to the court that the bill in equity in this cause was duly and regularly filed in this court, and subpœnas were duly and regularly issued and served on each of the defendants hereinafter named, requiring them to appear herein, under the rules of this court, and that no demurrer, plea, or answer was filed by either of said defendants at the time required under the rules, nor have either of them filed herein any demurrer, plea, or answer to plaintiff's bill; and it appearing that the plaintiff had an order duly entered upon the order book, taking said bill pro confesso against the following named defendants: R. F. Seastrunk, and his wife, M. E. Seastrunk, Louis McCain and his wife, Julia McCain, Sam Samuels and his wife, Henrietta Samuels, Wash Farr and his wife, Alice Farr, R. N. Hamilton and his wife, M. A. Hamilton, resident citizens of Jasper county, state of Texas, and B. E. Moore, a resident citizen of Jefferson county, state of Texas, more than 30 days prior to the hearing of this motion; and that since this order pro confesso was entered, no proceedings have been taken or had herein by said defendants or either of them:

"Now therefore it is ordered, adjudged, and decreed that said bill stand pro confesso against said defendants. And the court having examined plaintiff's bill herein filed, doth take the matters alleged therein as true, and from said allegations finds that the plaintiff, as receiver of the Houston Oil Company of Texas, is entitled to judgment against said defendants as prayed for. It is therefore ordered, adjudged, and decreed by the court that complainant, Charles Dillingham, as receiver of the Houston Oil Company of Texas and the Houston Oil Company of Texas, do recover of and from the defendants, R. F. Seastrunk, and his wife, M. E. Seastrunk, Louis McCain, and his wife, Julia McCain, Sam Samuels and his wife, Henrietta Samuels; Wash Farr and his wife, Alice Farr, R. N. Hamilton and his wife, M. A. Hamilton, and B. E. Moore, the title to and the possession of the following described tracts or parcels of land to wit: [Then follows description of the land in controversy in this suit.] And it is further ordered, adjudged, and decreed by the court that the title of the Houston Oil Company of Texas to the above-described tract of land and the timber growing thereon be and the same is hereby forever quieted against each and all of the above-named defendants, and the said defendants and each of them, their agents, servants, and employés are hereby perpetually enjoined from asserting any further title to the said land or the timber growing thereon, or the improvements thereon; and from cutting, destroying, or removing the timber upon said lands therefrom, and from further trespassing upon said lands, or remaining in possession thereof, and from further interfering with said receiver of the Houston Oil Company of Texas in the possession, management, and control of said lands and timber growing thereon, and from hindering or interfering with the receivers of the Kirby Lumber Company in cutting and removing the timber growing upon said lands. It is further ordered, adjudged, and decreed by the court that Charles Dillingham, as receiver of the Houston Oil Company of Texas, do have and recover of and from the defendants, R. F. Seastrunk, Louis McCain, Wash Farr, Sam Samuels, R. N. Hamilton and B. E. Moore, and each of them, all costs in this behalf incurred for which let execution issue. It is further ordered that the original title papers filed in this cause by the complainant be by the clerk delivered to the receivers of the Houston Oil Company of Texas upon his giving him his receipt for such papers. It is further ordered that the clerk of this court shall issue such writ or writs of assistance as may be necessary to place the plaintiffs in possession of said land. It is further ordered that the clerk of this court shall not make up a final record herein unless upon the application of the parties at interest the court may order it done.

"W. T. Burns, Judge."

It will be seen from this judgment, entered pro confesso in said ancillary proceeding No. 628, that the Circuit Court of the United

States for the Southern District of Texas attempted, at least, to adjudicate all questions of title and right of possession touching the land in controversy, as between the receiver of the Houston Oil Company of Texas and the appellant here, Sam Samuel, and his wife, Henrietta Samuel, and if said Circuit Court was authorized to enter such judgment, or rather, if it had jurisdiction to so adjudicate the question of title to said property, as between said parties thereto, then unquestionably the judgment of the lower court in this case in favor of the appellee, Houston Oil Company of Texas, was correct, and must be affirmed.

The trial court filed in this cause his findings of fact and conclusions of law, as follows:

## "Findings of Facts.

"(1) I find that this suit was filed by Sam Samuels against the Houston Oil Company of Texas, in the district court of Newton county, Tex., on the 13th day of February, A. D. 1914, and the answer of the Houston Oil Company was filed on the 11th day of March, A. D. 1915.

"(2) It was admitted, and I find it to be a fact, that the Houston Oil Company of Texas has the legal paper title to the land in controversy by mesne conveyances from the sovereignty of the soil down to and in itself.

"(3) I find that plaintiff, Sam Samuels, bought the claim and improvements of one Morrison, which was situated upon the 160 acres of land in controversy on the John T. Lewis league in the year 1870, paying the said Morrison therefor, one bay mare.

"(4) That said Morrison had lived upon said land for a long time and claimed it as his home. That after Sam Samuels bought said land in 1870, no one occupied or cultivated the land until about the 1st of January, 1872.

"(5) That Sam Samuels also bought 50 acres of land from the wife of said Morrison lying immediately north of the 160 acres purchased by him from her husband.

"(6) That Sam Samuels and his wife, Henrietta Samuels, were married in October, 1871, and moved upon the 160 acres of land in controversy (the claim to which he had bought from Morrison) about January 1, 1872, and lived upon said 160 acres of land, claiming, cultivating, and using the same from that time continuously for 11 years, or till the spring of 1884.

"(7) That at the time Sam Samuels bought said land in 1870, he was living with his old master, D. R. Wingate, and that D. R. Wingate knew that he (Samuels) had purchased said land, the same being situated within less than one mile from Wingate's residence, and that the land described in plaintiff's petition was occupied and claimed by him during his 11 years occupancy thereon.

"(8) That subsequent to the occupancy and completion of plaintiff's title by limitation, a judgment was recovered on the 16th day of March, A. D. 1908, in the Circuit Court of the United States for the Southern District of Texas, at Houston, in favor of the receiver of the Houston Oil Company of Texas and the Houston Oil Company of Texas, and against Sam Samuels and Henrietta Samuels et al., in an ancillary proceeding No. 628, growing out of cause No. 54, on the equity docket of said court, wherein Maryland Trust Company, trustee, was plaintiff and Kirby Lumber Company et al. were defendants, for 800 acres of land, including the land in controversy.

## "Conclusions of Law.

"I conclude that the judgment in finding No. 8, in favor of the receiver of the Houston Oil Company of Texas, against Sam Samuels and his wife, is a valid judgment, and divested them of all title to the land in controversy, and that the defendant should recover the land sued for, and therefore find in favor of the defendant."

From the foregoing findings of fact by the trial court in this cause, which findings are abundantly supported by the evidence adduced, as shown by the statement of facts in this case, it is manifest that the appellant, Sam Samuels, had acquired title to the land in controversy, and would have prevailed in this cause below but for said judgment in favor of the receiver of the Houston Oil Company of Texas, in said intervention No. 628 in the federal court for the Southern District of Texas.

[1] Now, the contention of appellant here is that, since it is undisputed that the land in controversy in situated in the Eastern District of Texas, and was so situated at the time of said proceedings in said federal court for the Southern District of Texas, and since the appellant, Sam Samuel, and his wife were citizens at said time of Newton county Tex., which is in the Eastern District of Texas, for federal purposes, and since it is undisputed by the record that neither of said defendants appeared or in any manner answered in said proceeding by intervention in the federal court for the Southern District of Texas, but the judgment therein rendered was a judgment pro confesso, said federal court for the Southern District of Texas acquired no jurisdiction over said Samuel and wife, or the property in controversy herein, and had no authority to enter such judgment as it did, divesting title out of said Samuel and wife, and vesting same in the receiver of the Houston Oil Company of Texas, and that its attempt to do so was and is null and void. This is the sole question in this case. Many authorities have been cited by appellant, in counsel's brief here, which, it is claimed, sustain appellants' contention that the Circuit Court for the Southern District of Texas had no authority to enter such judgment against Samuel and wife, and that the same was and is void, and that appellant here could attack the same collaterally, as he attempted to do in the trial of this case below. We shall not attempt to discuss these authorities in detail, but we have read them all, with the exception of one or two which were not accessible to this court, and we have concluded, after careful consideration, that none of them sustain appellants' contention. Most of the authorities cited by appellants were cases where receivers appointed by a federal court in one state undertook to perform acts or bring litigation touching property situated in a state other than the state in which the federal court appointing such receiver was situated, and, of course, it was held, in near-

ly all of such cases, if not all of them, that a receiver appointed by a federal court in one state had no authority or power to deal with property situated in another state, for the plain reason that the authority of the federal court appointing such receiver did not extend beyond the realm of the state in which such federal court was situated. This is a well-recognized rule, and, so far as we have been able to ascertain, has been adhered to in every instance where the question arose. We understand, however, that the rule is equally well established to the effect that a Circuit Court of the United States, in controversies cognizable in equity, has jurisdiction throughout the limits of the state in which such court is sitting, and that process from such court runs in such controversies to any and all federal districts in such state, and that its decrees in such controversies, affecting property situated in any district, if more than one in such state, are binding upon the parties connected therewith, where proper notice and an opportunity to be heard is had.

[2] We are not unmindful of the rule, that where a receiver is appointed by a court, and such receiver claims property, which is found in the adverse possession of another at the time of his appointment, he is not ordinarily permitted to summarily or forcibly attempt to get possession of such property so in the adverse possession, and claimed by another, but in such case, he should apply, by proper proceeding, to the court appointing him, for the possession and protection of such property, and the court, in such case, will institute such inquiry regarding the adverse claimant's right as the court might think proper, but would always give the adverse claimant his day in court, or right to be heard regarding his claim of such property, or the court might authorize such receiver to institute an independent suit in some other court of competent jurisdiction, and have the adverse claimant's right to said property adjudicated as between him and such receiver. But appellants take the position in this case that the proceedings had in the federal court for the Southern District of Texas were nothing more than summary proceedings, or ex parte proceedings. With this contention we cannot agree. It must be conceded that if the allegations contained in the petition in intervention 628 above set out, to the effect, substantially, that the property in controversy herein belonged to the Houston Oil Company of Texas, and that the receiver was being interfered with in connection therewith, and that such property was being damaged and depredated upon by the appellants herein, then surely it was the duty of the federal court, in which said main cause was pending to take some action, and institute some inquiry with reference to said property, because it was the duty of said court, through its receiver, to protect and preserve all the property belonging to the Houston Oil Company of Texas, and it would have been derelict in its duty, if the allegations in said petition were true, to have failed to take some proper action looking to the protection and preservation of such property. It is true that the court might have instructed its receiver to institute a suit in the district court of Newton county, Tex., with a view to the preservation and protection of such property, and to determine the right of its receiver thereto, but such court was not compelled, as we understand the rule in such cases, to so direct the receiver, but had the authority, by reason of its jurisdiction over the main cause in equity, above referred to, to institute such inquiry in that court, and to proceed to final adjudication there. But the court did not do this summarily, or by an ex parte proceeding, as appellants contend, but upon the filing of such petition in intervention by the receiver, caused due and timely notice to be given to appellant and his wife, and commanding them to appear at a stated time and make known to the court such rights, if any, as they might have to said property, which notice appellant and his wife wholly ignored, and the court was thereupon, authorized to proceed, as it did, and to render judgment pro confesso, as it did, and, it being undisputed that such judgment was never appealed from nor in any manner vacated, set aside, or modified, the same became a binding and valid judgment. and, in our opinion, had the effect to divest all right and title that appellants might have had in the land in controversy theretofore, however acquired, out of them, and to vest the same in the receiver of the Houston Oil Company.

[3] We understood counsel for appellants to concede, in the argument of this case before this court, that the federal court at Houston was authorized to institute an inquiry relative to the claim set forth by the receiver in said petition in intervention, and to ascertain whether or not the allegations made in said petition were true, and whether the property in controversy belonged to the Houston Oil Company, and, if so, then said court had the right to so decree, but that if it was not true that said property belonged to the Houston Oil Company at said time, but was the property of appellants, and was in their adverse possession, then the federal court at Houston was at its row's end, and had no authority to render judgment divesting title thereto out of appellants and vesting same in said receiver.

It seems to us, that this contention is not sound, because, in our opinion, when it is once conceded that the federal court at Houston had the right to institute the inquiry, and hear the receiver's petition in intervention, touching the rights of the receiver to said property, and the claim of appellants thereto, it must follow that the federal court

had the right to adjudicate such matters. The contention of appellants, it seems to us, amounts to this: The federal court had the right to institute the inquiry by acting upon the petition of its receiver, and if it should be true that the property did belong to the Houston Oil Company, then the court had a right to make such orders and decrees as it deemed best for the protection and preservation of such property, but that if the court made a mistake in finding that the property in controversy belonged to the Houston Oil Company, then its adjudication of the matter was null and void. We cannot agree to this contention, and we think that the following authorities hold directly contrary to appellants' contention on this point: Gordon v. Dillingham, 158 Fed. 1019, 86 C. C. A. 672; Jenkins v. Dillingham, 175 Fed. 1021, 99 C. C. A. 666; Jenkins v. Dillingham, 220 U. S. 620, 31 Sup. Ct. 723, 55 L. Ed. 613; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67; Pope v. L. & N. Ry. Co., 173 U. S. 577, 19 Sup. Ct. 500, 43 L. Ed. 814; Davis v. Gray, 16 Wall. (83 U. S.) 203, 21 L. Ed. 447; Horn v. Pere Marquette Ry. Co. (C. C.) 151 Fed. 626. Many other authorities are cited by appellee in its brief, but we think that the foregoing are sufficient.

Gordon v. Dillingham, supra, was a proceeding exactly like the proceeding in intervention 628 in said cause, with the exception that the defendant, Gordon, in that proceeding, appeared in the federal court at Houston, and, without pleading to the merits in any way, denied the jurisdiction of the federal court to entertain the proceeding, and upon the federal court disagreeing with his contention, appealed the case to the Circuit Court of Appeals at New Orleans, and the sole and only question presented in the case, both in the court below and in the appellate court, was the question of jurisdiction in the federal court for the Southern District of Texas to hear and determine the cause as made by the petition in intervention. The contention that the federal court was without jurisdiction was held by the Circuit Court of Appeals at New Orleans to be unsound, and the judgment of the federal court at Houston, in holding that it had jurisdiction, and in adjudicating the matter in controversy, was in all things upheld. It is true the opinion of the Circuit Court of Appeals in this case was very brief, and all the matters recited above do not appear in the report of the case, but we have before us a certified copy of the receiver's petition in that case, and we have before us the plea to the jurisdiction interposed by Gordon in the federal court in that case, and also the briefs of both parties on appeal to the Circuit Court of the United States.

Jenkins v. Dillingham, supra, was a case very similar to the proceeding against Samuel in intervention No. 628, but in the Jenkins Case, Jenkins appeared by attorneys, and pleaded, first to the jurisdiction of the federal court to hear the controversy, and, that being overruled, set up his defenses and claim to the property in controversy there, and, having lost in the federal court at Houston, appealed to the Circuit Court of Appeals at New Orleans, and there again the question of the jurisdiction of the federal court to entertain the proceeding and enter a judgment like the one in the Samuel Case, was urged, and again the contention was overruled by that court, and the jurisdiction of the federal court in all things upheld. Thereupon Jenkins applied for a writ of certiorari to the Supreme Court of the United States, and the question of jurisdiction was forcibly urged in that application for certiorari, and the writ was denied by the Supreme Court of the United States.

Now counsel for appellants say that these cases are easily distinguishable from the case at bar, because in the Gordon and Jenkins Cases the defendants appeared and sought to contest with the receiver, and, under such circumstances, the federal court at Houston acquired jurisdiction, and that its judgments in those cases might be upheld, while the judgment in the Samuel Case, which was rendered pro confesso, or upon default, stands upon a different ground.

We are unable to see the logic in appellants' contention, because, when followed to its last analysis, it would mean that a defendant who is diligent and active in protecting his rights, if any he has, by making known to the court those rights, and showing to the court attempting to adjudicate them that such court was without jurisdiction, and then protesting, in the proper way, against the assumption of jurisdiction, was in a worse attitude than the defendant who absolutely ignored the process of such court.

It would serve no useful purpose to further prolong this opinion. We believe that the judgment offered in evidence below, rendered in the Circuit Court for the Southern District of Texas, in intervention No. 628, above referred to, was conclusive and binding upon the appellant, and that the lower court was correct in so holding.

The judgment of the lower court is therefore affirmed.